FILED
98 AUG 31 PM 2:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
AUG 3 1 1998

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

IN RE: VICTORIA HOWELL       )
       WILLIAM LIPSCOMB      )    CIVIL ACTION NO.
       DAVID WELCH           )
       JOSEPH DAVID RICHARDSON )   98-AR-2074-W
                             )
       Petitioners.          )
                             )

## MEMORANDUM OPINION

The court has before it the above-entitled petition, filed pursuant to Rule 27, F.R.Civ.P. Petitioners allege that they expect to be parties to an action based on Title VII of the Civil Rights Act of 1964, but that they are unable to bring the action because it is currently under the jurisdiction of the United States Equal Employment Opportunity Commission. The petitioners further allege that the proposed deponents are terminated employees currently serving toward the end of their tenure with the putative defendant. Petitioners seek to "establish the deponent's knowledge of the petitioners' work record and knowledge of how the defendant made the decision to terminate . . . the petitioner." Petitioners also seek to preserve "personnel records and files."

1

## Discussion

Rule 27(a)(1) provides that any person who desires to perpetuate testimony by deposition prior to the commencement of a civil suit may file a verified petition stating:

1. that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought,
2. the subject matter of the expected action . . .
3. the facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it,
4. the names . . . of the persons the petitioner expects will be adverse parties . . .
5. the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each . . .

Once these elements have been properly set forth, Rule 27(a)(3) provides that the court may make an order allowing pre-action depositions, if it is "satisfied that the perpetuation of testimony may prevent a failure or delay of justice."

While petitioners' request clearly satisfies the technical requirements of Rule 27(a)(1), for two reasons it does not satisfy this court that allowing pre-filing depositions would be likely prevent a failure or delay of justice. First, petitioners have not demonstrated a substantial risk that the testimony of the proposed deponents might be lost if not taken immediately. Second, the

language of the petition and the information sought therein suggest an attempt by petitioners to use Rule 27(a) as a license to conduct pre-filing discovery.

1. **No Demonstrated Risk of Losing Testimony**

Courts from various jurisdictions have interpreted Rule 27 as applying only in a "special category of cases where it is necessary to prevent testimony from being lost." *Ash v. Cort*, 512 F.2d 909, 911 (1975); *In re Petition of Ford*, 170 F.R.D. 504, 506 (M.D. Ala. 1997); *In re Petition of Rosario*, 109 F.R.D. 368, 370 (D. Mass. 1986). These courts concur that Rule 27 applies to situations wherein testimony might be lost to a prospective litigant unless taken immediately, such as when a witness is aged or gravely injured and in danger of dying. *Rosario*, 109 F.R.D. at 370. This court agrees that a narrow construction of Rule 27 is called for and hereby adopts the requirement that petitioner demonstrate an immediate need of the testimony sought. *See Penn Mut. Life Ins. Co. v. U.S.*, 68 F.3d 1371, 1375 (D.C. Cir. 1995); *In re Petition of Kunimoto v. Lehman*, 1996 WL 622094, *2-3 (D.D.C.)

The instant petition does not demonstrate the type of "immediate need" required. *See Penn Mut. Life Ins*, 68 F.3d at

3

1375; *Kunimoto*, 1996 WL 622094, *2-3. Petitioners state only that the proposed deponents

> are employees of the defendant who have been terminated and are currently serving the end of their tenure with the defendant . . . petitioner feels that it will be in their best interests if the depositions are taken before this transition occurs and these individuals relocate throughout the country.

Pet. at 1. Turnover of personnel, without more, cannot suffice to show that the testimony is in danger of being lost. *Combs v. U.S. R.R. Retirement Bd.*, 1998 WL 67648, *2 (N.D. Ill.); *Rosario*, 109 F.R.D. at 371. Rule 27 was not designed to maximize the convenience of prospective litigants, but rather to "prevent a failure or delay of justice." *Combs*, 1998 WL 67648, *2; *Rosario*, 109 F.R.D. at 371. Even if the proposed deponents relocate throughout the country, as petitioners seem to fear, Rule 45, F.R.Civ.P. provides adequate assurance that the testimony of the proposed deponents will not be lost. *See Rosario*, 109 F.R.D. at 371; *see also* Rule 45(d)(providing for the issuance of subpeonas to compel testimony).

## 2. Pre-Filing Discovery

The instant petition also suffers from a second deficiency: it appears to be a rather obvious attempt to conduct pre-filing discovery. Numerous cases interpreting Rule 27 emphasize that the "rule authorizes the perpetuation of evidence, not the discovery or uncovering of it." *Ford,* 170 F.R.D. at 508; *see also Petition of Ferkauf,* 3 F.R.D. 89, 90-91 (S.D.N.Y. 1943). *But see In the Matter of Alpha Industries,* 159 F.R.D. 456, 457 (S.D.N.Y. 1995). This court joins the great weight of authority in holding that "Rule 27 is not a method to determine whether a cause of action exists, and if so, against whom action should be instituted." *Ford,* 170 F.R.D. at 508 (citations omitted); *see also Penn Mutual Life Ins.,* 68 F.3d at 1376; *Kunimoto,* 1996 WL 622094, *3. The rule does not provide a means of "ascertaining facts to be used in drafting a complaint." *Ford,* 170 F.R.D. at 508 (citations omitted).[1]

Petitioners state a desire to "establish the deponent's knowledge . . ." Pet. at 1. This statement plainly indicates a

---

[1] This court is aware that a plaintiff must perform some pre-filing investigation in order to satisfy Rule 11 of the Federal Rules of Civil Procedure, but agrees with the position taken in *In re Petition of Ford*. *See* 170 F.R.D. at 507-509. Because Rule 27 can be used only for perpetuation of testimony, not discovery, it is not a "vehicle for compliance with Rule 11. *Id.* at 508. *But see Alpha Industries,* 159 F.R.D. at 457.

5

desire to uncover new information, not a desire to preserve information already known. Rule 27 may not be used as a substitute for discovery. *Ash,* 512 F.2d at 911; *Ford,* 170 F.R.D. at 507.

### 3. **Preservation of Personnel Files**

Petitioners also rely on Rule 27 in an attempt to "preserve their personnel records and files." Pet. at 1. Rule 27 provides a means for a petitioner to preserve testimony, not documents. Further, petitioners present no information that would suggest any difficulty in obtaining the desired documents through normal discovery procedures once an action has been filed. *See* Rule 34, F.R.Civ.P.

### Conclusion

Petitioners have not demonstrated sufficient risk that testimony may be lost if not taken immediately. The court further concludes that petitioners impermissibly seek to use Rule 27 as a substitute for discovery. Lastly, the court concludes that Rule 27 does not provide a vehicle for preservation of documents, nor have petitioners provided any specific information supporting the allowance of early discovery.

For the foregoing reasons, the above-captioned petition is due

6

to be denied. An appropriate order denying the petition will be entered.

DONE this 31st day of August, 1998.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE